IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 13-cv-00124-RBJ

MAHER SOLIMAN,

     Plaintiff,

v.

JIMMY F. PEARSON;
ARON PEARSON; and
DOES 1 THROUGH 20,

     Defendants.

---

## ORDER

---

This case comes before the Court on plaintiff Maher Soliman's Motion to Amend his

Complaint [#22]. Mr. Soliman initiated this action *pro se* on January 18, 2013 with a forty-

three-page complaint stating twelve claims against defendants Jimmy F. Pearson, Aron Pearson,

and Does 1 through 20. [#1]. Mr. Soliman claims that Jimmy Pearson, who is now married to

Mr. Soliman's ex-wife, had stolen ten million Iraqi Dinars from Mr. Soliman, which he claims

had a value of approximately $13,000, along with personal videos, pictures, and other

documents. The remainder of the claims essentially involved allegations that Jimmy Pearson,

aided and abetted by Aron Pearson and Does 1 through 20, had threatened Mr. Soliman and

tortiously interfered with custody of Mr. Soliman's child.

On April 25, 2013, this Court issued an Order to Show cause as to why this case should

not be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil

Procedure 12(h)(3). [#20]. The Court noted that the complaint provided no plausible basis for

federal question jurisdiction. Rather, the only plausible basis for federal jurisdiction would be diversity of citizenship. It appears to be undisputed that the parties are citizens of different states. However, the complaint provided no plausible allegation that the amount in controversy exceeded $75,000.

Mr. Soliman filed a response to the order as well as a motion for leave to amend his initial complaint, incorporating a proposed amended complaint. [##21, 22]. In the proposed amended complaint [#22-1] he alleges that in addition to complaining about the theft of $13,000 worth of Iraqi Dinars, "the amount in controversy well exceeds $75,000, exclusive of interest and costs." *Id.* ¶25. That's it. Mr. Soliman's response to the order to show cause therefore presents two questions: (1) should he be granted leave to amend his complaint, and (2) if the answer to the first question is "yes," has he adequately pled that the amount in controversy exceeds $75,000.

<u>Leave to Amend</u>

Under Federal Rule of Civil Procedure 15, a party may amend its pleading more than 21 days after service only "with the opposing party's written consent or the court's leave." Rule 15 also provides that the "court should freely give leave when justice so requires." *Id.* Leave to amend is generally only refused upon a showing of "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (citing *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

At this early stage of litigation, the Court finds that there would be no undue delay or undue prejudice to the defendants by granting the motion for leave to amend. Furthermore,

"[c]ourts should give leave to amend freely, especially when the plaintiff is proceeding pro se." *Panicker v. State Dep't of Agric.*, 498 F. App'x 755, 757 (10th Cir. 2012); *accord Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998). Mr. Soliman is proceeding pro se; although he his signature block to his complaint (but not his proposed amended complaint) indicates "Maher Soliman, JD," he has advised the Court during the scheduling conference that he did graduate from law school and receive a J.D. degree. The Court will construe pro se pleadings liberally. As such, the Court "should not dismiss a pro se complaint without leave to amend if the defects can be cured by amendment." *Evans v. U.S. Parole Commn*, 78 F.3d 597 (10th Cir. 1996); *accord Reynoldson v. Shillinger,* 907 F.2d 124, 125-26 (10th Cir. 1990). Accordingly, the Court GRANTS the plaintiff's motion for leave to amend [#21].

<u>Amount in Controversy</u>

Generally speaking, courts treat the jurisdictional allegations of a plaintiff who files a diversity action in federal court liberally. The plaintiff's claim regarding the amount in controversy is presumed to support diversity jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1294, 1289 (10th Cir. 2001). However, a conclusory allegation that the amount in controversy exceeds $75,000, without anything else indicating that this might in fact be so, is insufficient to establish federal court jurisdiction. *See, e.g.*, *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1182 (10th Cir. 2000). "Merely asserting an amount in controversy equal to the minimum sum required does not entitle [plaintiff] to sue in federal court. He must allege sufficient damages to assure the district court that the jurisdictional requirement has not been 'thwarted by the simple expedient of inflating the complainant's *ad damnum* clause." *Gibson v. Jeffers*, 478 F.2d 216, 221 (10th Cir. 1973).

In the present case the plaintiff has had two chances to properly allege diversity jurisdiction.  The original complaint said nothing about the amount in controversy.  In response to the Court's order to show cause, in which the Court spelled out the requirements for diversity jurisdiction, the plaintiff responded with a proposed amended complaint that mentioned the allegedly stolen Dinars, worth approximately $13,000 according to the allegation, and then added, "the amount in controversy well exceeds $75,000, exclusive of interest and costs."  That is not sufficient to confer federal court jurisdiction.

This case appears to be the outgrowth of a state court domestic relations case in which either the plaintiff did not receive what he considers to have been a satisfactory result or he believes that his former wife has not complied with orders concerning parental responsibility.  That is not necessarily to say that the plaintiff has not stated a plausible federal case—that issue is not yet before the Court.  Before the Court reaches that question, it must have some assurance that it has jurisdiction to do so.  The Court now grants plaintiff one more opportunity to file an amended complaint within 14 days of the date of this order that provides some plausible basis for the Court to find that the amount in controversy might exceed $75,000.

DATED this 9th day of May, 2013.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge