IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 13-cv-00124-RBJ

MAHER SOLIMAN,

    Plaintiff,

v.

JIMMY F. PEARSON;
ARON PEARSON; and
DOES 1 THROUGH 20,

    Defendants.

## ORDER

The Court *sua sponte* orders that this case be dismissed without prejudice and directs the Clerk to enter final judgment accordingly. The Court has described the nature of this case in two previous orders issued April 25, 2013, [docket #20] (ordering plaintiff to show cause why the case should not be dismissed for lack of federal jurisdiction), and May 9, 2013, [#23] (finding that plaintiff's proposed amended complaint did not adequately allege that the amount in controversy exceeds $75,000 but granting plaintiff leave to amend his complaint again to attempt to cure that deficiency). In response to the latter order Mr. Soliman filed a Second Amended Complaint [#24], which in turn unleashed another round of motions and responses as Mr. Soliman and Mr. Pearson, both of whom represent themselves, continue to slug it out.

As indicated in the May 9, 2013 order, the dispute "appears to be the outgrowth of a state court domestic relations case in which either the plaintiff did not receive what he considers to have been a satisfactory result or he believes that his former wife has not complied with orders

concerning parental responsibility." *Id.* at 4. There are also some aspects of the dispute that might be presented to an appropriate district attorney's office for consideration (such as his charges of theft, alleged extortion, blackmail, kidnapping and threats against his person). However, those observations do not necessarily compel the conclusion that there is no federal court jurisdiction over any aspect of this case. Rather, they go to the potential merits of the case. Nevertheless, the Court cannot proceed to evaluate the merits unless it has jurisdiction.

Subject matter jurisdiction is purported to be based on diversity of citizenship under 28 U.S.C. § 1332. There is not dispute that the opposing parties are citizens of different states. However, diversity jurisdiction also requires that the matter in controversy exceed the sum or value of $75,000. Ordinarily that is not a particularly high hurdle to jump. As I wrote in the May 9, 2013 order, "

> [t]he plaintiff's claim regarding the amount in controversy is presumed to support diversity jurisdiction. *Martin v. Franklin Capital Corp.,* 251 F.3d 1294, 1289 (10th Cir. 2001). However, a conclusory allegation that the amount in controversy exceeds $75,000, without anything else indicating that this might in fact be so, is insufficient to establish federal court jurisdiction. *See, e.g.*, *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1182 (10th Cir. 2000). "Merely asserting an amount in controversy equal to the minimum sum required does not entitle [plaintiff] to sue in federal court. He must allege sufficient damages to assure the district court that the jurisdictional requirement has not been 'thwarted by the simple expedient of inflating the complainant's *ad damnum* clause." *Gibson v. Jeffers*, 478 F.2d 216, 221 (10th Cir. 1973).

*Id.* at 3.

The Second Amended Complaint attempts to fix the shortcomings of the previous versions by adding the allegation, "AMOUNT IN CONTROVERSY EXCEEDS $75,000. Plaintiff seeks to recover compensatory damages in the sum of $500,000.00 for each of the following counts (COUNT II; COUNT III; COUNT IV; COUNT V; COUNT VII; COUNT VIII; COUNT IX; COUNT X and COUNT XI and $1,000,000.00 (One Million Dollars) for COUNT

VI in addition to punitive damages and attorney's fees in an amount in excess of the jurisdiction minimum of this Court." [#24] at ¶25. However, merely inserting large round numbers is not enough, as the cases cited in May 9 order and repeated above indicate. Plaintiff has alleged no plausible claim that he has sustained damages exceeding $75,000. He claims that Mr. Pearson stole $13,000 worth of Iraqi dinars and other person items such as videos, pictures and documents as to which he alleges no specific monetary value. Beyond the alleged theft the substance of the complaint is that his ex-wife's present husband is interfering with his custodial rights and doing other things that cause him a considerable degree of distress, frustration and anger. Without depreciating his concerns, the Court simply finds and concludes that Mr. Soliman has not provided any plausible assurance that the jurisdictional requirements of a federal court are satisfied in this case.

I have given due regard to Mr. Soliman's *pro se* status. However, I have also given Mr. Soliman, who has indicated that he is a law school graduate, an explanation of what is required and multiple chances to respond. I see no point in suggesting another round of pleadings. Instead, the Court now orders *sua sponte* that this case and all claims therein are hereby DISMISSED WITHOUT PREJUDICE for lack of federal subject matter jurisdiction, each party to pay his own costs. All pending motions are thereby rendered MOOT.

DATED this 22nd day of August, 2013.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge